## Borough of Media v.
## Edgmont Golf Club, Inc.

*D. Barry Gibbons*, for plaintiff.
*William F. Keating*, for defendant.

DE FURIA, J., August 6, 1969.—Plaintiff seeks to enjoin defendant from taking and using water from Ridley Creek by means of a dam, water intake manhole and pipe constructed or used by defendant.

Defendant preliminarily objects alleging that this court has no jurisdiction by reason of the statutory remedy provided by the Water Rights Act of June

24, 1939, P. L. 842, sec. 1, et seq., 32 PS §631. Said act vested in the Water and Power Resources Board certain powers and authorities for the conservation, control and equitable use of the waters within the Commonwealth.

The basis of plaintiff's right to enjoin defendant is a restrictive covenant and assignment of water rights created by agreement between plaintiff and a predecessor in title of defendant in 1931. Under said agreement, all water rights of defendant's predecessor in Ridley Creek were assigned, for consideration, to the Borough of Media, reserving to grantor only household, domestic and farm use.

Upon application of defendant, on March 13, 1968, the Water and Power Resources Board granted the golf club a permit to maintain an existing water intake manhole along Ridley Creek.

The borough appealed from the said grant to the Court of Common Pleas of Dauphin County sitting as the Commonwealth Court. On April 10, 1969, said court filed an opinion and order dismissing the borough's appeal: Water and Power Resources Board v. The Borough of Media, no. 188, Commonwealth Docket 1968. The appeal of the borough to the Superior Court is pending.

The sole issue is whether the Delaware County Court in equity has jurisdiction to enjoin defendant from using water rights assigned by defendant's predecessor in title to plaintiff, or whether such disputes must be resolved by the Water and Power Resources Board under the statutory provisions of the Water Rights and Water Obstructions Acts.

Defendant advances the Water Rights Act of June 24, 1939, supra, sec. 4, 32 PS §634, as a bar because said act makes it the duty of the board "to pass upon the validity of the claims of *public water supply agencies* making claim to prior acquisitions of

water . . ." (Italic supplied.) This portion of the act deals exclusively with "water supply agencies." The plaintiff is such an agency; the defendant is not.

Plaintiff never made such a claim to the board, nor did the board ever consider such a claim.

Private persons have no rights to public waters except by reason of riparian rights. Water supply agencies have such a right, subject to allocation by the board.

Defendant has stretched the terms of the act to the breaking point and beyond. The act has no application to the dispute before this court.

Defendant next advances the Water Obstructions Act of June 25, 1913, P. L. 555, as amended, 32 PS §682. This act prohibits the construction of any dam or other obstruction in any stream or body of water without the consent or permit of the Water and Power Resources Board.

The act has nothing to do with the taking or use of water from any stream. The permit granted defendant does not enlarge his property rights as a riparian owner.

The Berks County court held that equity had jurisdiction to enjoin a riparian owner, who had been granted a permit to erect a dam. The permit expressly provided that it did not authorize any injury to private property or invasion of private rights: Hornberger v. Fisher, 13 Berks 238, 30 Dist. R. 761 (1921). Indeed, the board could not issue a permit authorizing injury to private property or invasion of private rights.

The opinion of the Commonwealth Court herein clearly held that the board, by granting the permit, did not and could not consider the propriety of use of water by defendant. Further, the board itself stated that the legislature had not granted it power to consider and determine the legal effect of agreements

and deed restrictions, and the effect of transfers between owners.

### ORDER

And now, August 6, 1969, defendant's preliminary objections are dismissed.